Michael T. Jones (SBN 290660)
*mjones@goodwinlaw.com*
Lloyd Winawer (SBN 157823)
*lwinawer@goodwinlaw.com*
Nicholas A. Reider (SBN 296440)
*nreider@goodwinlaw.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, CA 94025-1105
Tel.: (650) 752-3100
Fax: (650) 853-1038

Attorneys for Defendants
*Anthera Pharmaceuticals, Inc., Paul F. Truex, Craig Thompson, May Liu, and William Shanahan*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BRIAN CLEVLEN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ANTHERA PHARMACEUTICALS, INC., PAUL F. TRUEX, CRAIG THOMPSON, MAY LIU and WILLIAM SHANAHAN,

Defendants.

Case No.: 3:17-cv-00715-RS

**STIPULATION AND ~~[PROPOSED]~~ ORDER TO CONTINUE INITIAL CMC, RESET RELATED DEADLINES AND EXTEND DEFENDANTS' TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

Judge: Hon. Richard Seeborg
Courtroom: 3—17th Floor

Defendants Anthera Pharmaceuticals, Inc. ("Anthera"), Paul F. Truex, Craig Thompson, May Liu, and William Shanahan (collectively, the "Defendants") and Plaintiff Brian Clevlen, individually and on behalf of all others similarly situated ("Plaintiff" and, together with Defendants, the "Parties"), through their respective undersigned counsel, HEREBY STIPULATE AND AGREE AS FOLLOWS:

WHEREAS, on February 13, 2017, Plaintiff initiated this action by filing a Class Action Complaint for Violations of Federal Securities Laws (the "Complaint") in the United States District Court for the Northern District of California, purportedly brought on behalf of all persons who purchased Anthera common stock between February 10, 2015 and December 27, 2016;

WHEREAS, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") sets forth mandatory, comprehensive, and specific procedures governing the selection of a lead plaintiff to oversee class actions brought under the federal securities laws. *See* 15 U.S.C. §§ 78u-4, *et seq*.

WHEREAS, the PSLRA requires that notice of the commencement of an action be given to permit other putative class members (who may seek to serve as lead plaintiff on behalf of the class) the opportunity to file motions: (a) to be appointed lead plaintiff to oversee and direct the prosecution of the action; and (b) to consolidate other complaints which may be filed arising from the same nexus of operative facts. *See* 15 U.S.C. §§ 78u-4(a)(3)(A) & (B). Under the PSLRA, this notice must be given within twenty (20) days after the filing of the securities fraud class action, and prospective lead plaintiffs are given sixty (60) days from the publication of notice to move for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Thereafter, the Court may rule upon the competing motions, applying the statutory framework in 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

WHEREAS, Plaintiff anticipates after the appointment of the lead plaintiff, lead plaintiff will file a consolidated amended complaint;

WHEREAS, in effect, this action cannot be prosecuted against any defendant until this Court first selects a lead plaintiff and lead counsel to represent the putative class;

WHEREAS, it would be more efficient to extend the time for Defendants to answer or

otherwise respond to the Complaint in the action until after the Court's appointment of a lead plaintiff and lead plaintiff's designation of an operative complaint or filing of an amended complaint;

WHEREAS, to avoid causing Plaintiff to incur the costs and delay associated with serving Defendants Paul F. Truex, Craig Thompson, May Liu, and William Shanahan (collectively, the "Individual Defendants"), counsel for Defendants has agreed to accept service of the Complaint on the Individual Defendants' behalf;

WHEREAS, the parties believe that, because the PSLRA stays all discovery, including initial disclosures, pending the disposition of motions to dismiss in securities actions such as this one, it is appropriate to defer the initial case management conference and the completion of initial disclosures until the lead plaintiff has been appointed, the lead plaintiff's selection of lead counsel has been approved, the lead plaintiff has filed a consolidated amended complaint, Defendants have had the opportunity to file any motion to dismiss, and the Court has ruled on Defendants' anticipated motion to dismiss. *See, e.g.*, *Medhekar v. United States Dist. Court*, 99 F.3d 325, 328-29 (9th Cir. 1996) (holding F.R.C.P. 26(a)'s initial disclosure requirements are disclosures or other proceedings for purposes of PSLRA's stay provision, and must be stayed pending disposition of motion to dismiss).

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, through their respective counsel of record, that:

1. Defendants need not answer, move or otherwise respond to the Complaint in this action until a date to be set following the appointment of a lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B) and the filing by such lead plaintiff of an amended complaint.

2. The Initial Case Management Conference shall be held thirty (30) days after an order directing Defendants to file an answer (if any), or as soon as possible thereafter consistent with the Court's schedule.

3. This Stipulation is entered into without prejudice to any party seeking any interim relief.

4. Nothing in this Stipulation shall be construed as a waiver of any of Defendants' rights or positions in law or equity, or as a waiver of any defenses that Defendants would otherwise have, including, without limitation, jurisdictional defenses.

5. The Parties have not sought any other extensions of time in this action.

6. The Parties do not seek to reset these dates for the purpose of delay, and the proposed new dates will not have an effect on any pre-trial and trial dates as the Court has yet to schedule these dates.

WHEREFORE, the Parties respectfully request that this Court issue an order granting the Parties' request to reset the Initial Case Management Conference and related deadlines as set forth herein.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: March 8, 2017                    GOODWIN PROCTER LLP


/s/ Michael T. Jones

Michael T. Jones (SBN 290660)
*mjones@goodwinlaw.com*
Lloyd Winawer (SBN 157823)
*lwinawer@goodwinlaw.com*
Nicholas A. Reider (SBN 296440)
*nreider@goodwinlaw.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, CA 94025-1105
Tel.: (650) 752-3100
Fax: (650) 853-1038

*Counsel for Defendants Anthera Pharmaceuticals, Inc., Paul F. Truex, Craig Thompson, May Liu, and William Shanahan*

DATED: March 8, 2017

LEVI & KORSINSKY LLP

/s/ Rosemary M. Rivas

Rosemary M. Rivas
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel.: (415) 291-2420
Fax: (415) 484-1294

Shannon L. Hopkins (*to be admitted pro hac vice*)
*shopkins@zlk.com*
Stephanie A. Bartone (*to be admitted pro hac vice*)
*sbartone@zlk.com*
733 Summer Street, Suite 304
Stamford, CT 06901
Tel: (203) 992-4523
Fax: (212) 363-7171

*Counsel for Plaintiffs Brian Clevlen, individually and on behalf of all others similarly situated*

* * *

# ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: March 9, 2017

THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

5

STIP AND [PROPOSED] ORDER TO CONTINUE INITIAL CMC, RESET RELATED DEADLINES AND EXTEND DEFENDANTS' TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT Case No.: 3:17-cv-00715-RS